IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALIFORNIA NATURAL PRODUCTS, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMPBELL SOUP SUPPLY COMPANY, LLC, organized under the laws of Delaware,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:11-cv-02138-GEB-EFB<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[*] |

        Defendant Campbell Soup Supply Company ("CSSC") moves for partial summary judgment on Plaintiff California Natural Product's ("CNP") breach of contract claim. The claim is premised on the parties' written manufacturing agreement ("Contract"). CSSC relies on the breach of contract elements contained in a California treatise as the only legal support for its motion. (Mem. of Pts. & Auth. in Supp. of Def.'s Mot. for Summ. Judg. ("Def.'s Mot.") 9:13-15, ECF No. 24-1 (citing 4 Bernard E. Witkin, <u>California Procedure</u>, "Pleading," § 505, at 648 (5th ed. 2008)).) The "[C]ontract covers nine products," but "CSSC ended up providing forecasts for and ordering only four of those products." (CSSC's Composite Stmt. of Undisp. Mat'l Facts in Supp. of Def.'s Mot. ("Composite SUMF") ¶¶ 13-14, ECF No. 30; <u>id.</u> ¶ 15 (providing Item Numbers for the four products for which CSSC provided forecasts and

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

placed orders: 490065181, 490065253, 490065313, and 580038212).) The Contract includes "Rolling Forecasts" upon which CNP could rely when ordering raw materials and packaging that would be used by CNP to manufacture products for CSSC. (Complaint, Ex. A; ECF No. 1.) CSSC argues that "CSSC was obligated to order as much product as it forecast; otherwise, it would be responsible for paying the costs of unused raw materials ordered in reliance on the forecast." (Def.'s Mot. 10:2-4.) The parties dispute neither that CSSC ordered or forecast a total of 163,850 cases of product nor that CNP made a total of 136,349 cases of product for CSSC. (CSSC's Resp. to CNP's Stmt. of Disputed Facts ¶¶ 60, 62; ECF No. 29.) The issue is which party "bears responsibility for CNP's unused raw materials [and packaging]," (Def.'s Reply 1:7, ECF No. 31), concerning which each party espouses a different position as to whether the unused materials were within the Contract's terms. (Def.'s Mot. 11:1-3; Pl.'s Opp'n 7:6-10.)

CSSC argues that "[a]s a contractual matter, the Contract speaks in terms of 'firm orders,' not in terms of the amount 'purchased.'" (Def.'s Reply 6:20-22.) CSSC argues that "[t]he issuance of a 'firm order' bound CNP to produce that quantity of product, and bound CSSC to purchase that quantity once CNP produced it." (Def.'s Sur-Sur-Reply 5:7-8, ECF No. 37.) CNP counters that "[p]ursuant to the contract, CNP did not await further indication of demand when ordering raw materials and packaging or planning its manufacturing schedule" but "when possible CNP awaited further indication of demand before actually manufacturing and shipping the product to CSSC. That further indication of demand was actual orders placed by CSSC specifying what it wanted and was willing to take deliver[y] of." (Pl.'s Sur-Reply 2:16-21, ECF No. 33 (citing Supp. Decl. of Rick Elliott, ¶¶ 2-3, Ex. D; ECF No. 33).) CNP

2

1  supports its position by providing "[a]n example of the actual course of
2  dealings between the parties [in the form of] a December 22–23, 2009
3  email exchange[] between Jeffrey Kinney at CSSC and Yvette Khan at CNP."
4  (Id. 2:22–23 (citing Supp. Decl. of Rick Elliott ¶ 3, Ex. D).) "Course
5  of performance" is prescribed in the California Uniform Commercial Code
6  as follows:

> A "course of performance" is a sequence of conduct between the parties to a particular transaction that exists if: (1) the agreement of the parties with respect to the transaction involves repeated occasions or performance by a party; and (2) the other party, with knowledge of the nature of the performance and opportunity for objection to it, accepts the performance or acquiesces in it without objection.

12  Cal. Com. Code § 1303(a).
13      CSSC objects to the consideration of the email exchange,
14  arguing it is not relevant to the breach of contract claim. (CSSC's Obj.
15  to Supp. Decl. of Rick Elliott 3:7–14, ECF No. 38.) However, the email
16  exchange need not be considered since CNP has proffered other evidence
17  of the parties' course of performance in the Declaration of Rick Elliott
18  and the spreadsheets that are attached to that declaration. (Decl. of
19  Rick Elliott ¶¶ 6–8, ECF No. 28; id., Exs. B, C.) Therefore, no decision
20  is required on CSSC's objection to the email exchange evidence.
21      The gravamen of CSSC's argument is that, under the Contract's
22  express terms, it does not owe CNP for unused raw materials or packaging
23  for any product for which it issued "firm orders." The gravamen of CNP's
24  argument is that, notwithstanding the Contract's express terms, CSSC's
25  "actual orders" differed from its "firm orders," which led to a
26  shortfall between the amount of raw materials and packaging CNP ordered
27  and the amount of product it produced for CSSC. CNP argues that CSSC is
28  liable for this shortfall in production, and "is therefore liable to CNP

3

for the expense of excess raw material and packaging." (Pl.'s Sur-Reply 1:24-25.)

"[C]ourse of performance evidence can supplement, qualify, or modify contrary terms in the contract." Emp'rs Reinsurance Co. v. Superior Court, 161 Cal. App. 4th 906, 922 (2008) (citing Cal. Com. Code § 1303). CNP has offered evidence that the parties' actual conduct differed from the conduct described under the express terms of the Contract. (See Decl. of Rick Elliott ¶¶ 7-8 (indicating that attached spreadsheets show "the shortfall in cases produced by CNP versus what was demanded by CSSC" and "a summary of demand by CSSC and production by CNP" for the relevant dates); id. Exs. B, C.) CSSC does not address this evidence in its briefs.

However, CNP's spreadsheet evidence (including the Declaration of Rick Elliott to which the spreadsheets are attached), creates a genuine issue of material fact as to whether the parties' course of performance has "supplement[ed], qualif[ied], or modif[ied] contrary terms in the [C]ontract." Emp'rs Reinsurance Co., 161 Cal. App. 4th at 922. Therefore, the portion of the motion pertaining to the products referred to in CSSC's motion for partial summary judgment as Item Numbers 490065181, 490065253, 490065313, and 580038212 is DENIED.

CSSC also seeks partial summary judgment on the breach of contract claim concerning the five products listed in the Separate Statement of Undisputed Material Facts as 580038316, 580038421, 580083532, 580038643, and 580038130. (Def.'s Mot. 4:5-14; Sep. Stmt. of Undisp. Mat'l Facts 3:15-21, 4:1-4; ECF No. 24-2.) Since the parties reveal it is undisputed that there was no breach of contract with respect to these five products, (see Composite SUMF ¶¶ 13-14, 17),

1  Defendant's motion for partial summary judgment is GRANTED only as to
2  those five products.
3  
3  Dated:  March 6, 2013
4
5  _____
   GARLAND E. BURRELL, JR.
6  Senior United States District Judge